UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                        :
ROBERT T. DAVIS,                        :        CASE NO. 1:13-CV-00821
                                        :
            Plaintiff,                  :
                                        :
vs.                                     :        OPINION & ORDER
                                        :        [Resolving Doc. No. 1]
SEARS DEPT. STORE, *et al.*,            :
                                        :
            Defendants.                 :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        *Pro se* Plaintiff Robert T. Davis filed this action under 42 U.S.C. § 1983 against Sears

Department Store in Elyria, Ohio, Elyria Municipal Court Judge Lisa Lockgraves, Lorain County

Common Pleas Court Judge Edward Zeleski, Lorain County Assistant Prosecutor Pierre

Christopher, Lorain County Assistant Prosecutor Jennifer Riedthenur, Lorain County Court Clerk

Eric Rothgeary, Elyria Police Officer Brandon Pool, Elyria Police Officer Daniel Sumpter, and

Attorney Robert A. Gaffney.  In the Complaint, Plaintiff makes a Fourth Amendment claim for

malicious prosecution after criminal charges were brought against him for identity fraud and

forgery and after those charges were dismissed on speedy trial grounds.

        Davis now seeks monetary damages against the store that summoned police, the officers

who arrested him, the prosecutors who initiated and litigated the case against him, the Judges

who presided over the case, the court clerk who supplied copies of documents, and his appointed

counsel.  Plaintiff also claims he was denied proper medical care during his pretrial detention in

the Lorain County Jail, and seeks monetary damages against these same Defendants.  For the

reasons set forth below, Plaintiff fails to state a claim upon which relief may be granted, and the action is dismissed pursuant to 28 U.S.C. § 1915(e).

## I. Background

On August 5, 2011, Sears Department Store security personnel detained Plaintiff after he allegedly completed a store credit card application in the name of James Cogan using a "a fictional driver['s] license." (Doc. No. 1 at 5).  The license contained Plaintiff's photograph, but listed Cogan's personal information, and a license number registered to a third party.  After responding to Sears' call, Officers Pool and Sumpter arrested Plaintiff.  (Doc. No. 1 at 5).

Plaintiff appeared before Elyria Municipal Court Judge Lisa Lockgraves on charges of forgery, taking the identity of another, obstruction of official business and theft.  He was unable to post bond and remained in custody.  Defendant Robert Gaffney represented him.  Several days later, Judge Lockgraves conducted a preliminary hearing, determined there was probable cause for the charges, and bound the case over to the Lorain County Court of Common Pleas.  Judge Edward Zeleski was assigned to preside over the case.

On October 6, 2011, the Lorain County Grand Jury indicted Davis on felony charges of identity fraud and forgery.  He was visited in jail by Gaffney after his arraignment and was asked to sign a number of documents, including a waiver of his right to speedy trial.  Although Plaintiff refused to sign the speedy trial waiver, Gaffney placed his own signature on the form as Plaintiff's counsel, and left Plaintiff's signature block blank.  The form was then submitted to the court.  Gaffney later withdrew from the case and Judge Zeleski appointed Kenneth Ortner to represent Plaintiff.

Six months after his indictment, Plaintiff filed a *pro se* motion seeking dismissal of the

case based on violation of his statutory speedy trial rights.  At the hearing on Plaintiff's motion, Prosecutor Jennifer Riedthenur produced the waiver form and discovered Plaintiff had not signed it.  Judge Zeleski denied the *pro se* motion on the ground that Plaintiff was represented by counsel; however, Ortner immediately filed a similar motion seeking dismissal of the case. Plaintiff alleges Riedthenur realized the deficiency in her case and offered him a series of plea bargains to obtain a conviction on a reduced charge.  Plaintiff, however, refused the offers stating Riedthenur should dismiss the charges.  The second speedy trial motion was heard on June 4, 2012.  The attorneys and the judge spoke outside of Plaintiff's presence, and when Ortner returned, he informed Plaintiff that the case was dismissed.

Plaintiff alleges that his arrest and prosecutiondestroyed his marriage, his house was foreclosed, and all of his personal items were missing.  He makes claims for malicious prosecution and for violations of other "clearly established state and federal rights."  (Doc. No. 1 at 6).

In addition, Plaintiff alleges he did not receive proper medical care while in pretrial detention at the Lorain County Jail.  He says he suffered from anxiety attacks for which he did not receive medication.  He also claims he had pre-existing work-related injuries to his neck and back and was not provided with an extra mattress to minimize his discomfort.  Plaintiff claims the Defendants were deliberately indifferent to his serious medical needs in violation of his "clearly established state and federal rights."  (Doc. No. 1 at 26).  The Court liberally construes this claim as arising under the Fourteenth Amendment.

## II.  Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at  678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

#### A. Parties

As an initial matter, six of the Defendants are not subject to suit in this 42 U.S.C. § 1983 action. Judges Lockgraves and Zeleski, and prosecutors Christopher and Riedthenur are entitled

-4-

to absolute immunity in this case because the claims against them are based solely on their participation in Plaintiff's criminal case. Sears Department Store and Gaffney are private parties, and not subject to suit under § 1983, which provides a cause of action against state officials and employees for constitutional violations. The claims against these Defendants are dismissed as a matter of law.

      1. <u>Judicial Immunity</u>

First, judicial officers, such as Judge Lockgraves and Judge Zeleski, are absolutely immune from damages for claims arising from actions they performed while presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.

None of the exceptions to immunity apply in this case. Plaintiff alleges Judge Lockgraves presided over his initial arraignment and his preliminary hearing. She determined there was probable cause to support the charges. He alleges Judge Zeleski presided over his case in the Common Pleas Court, and ruled on his motions to dismiss. The claims against these judges

-5-

are based on conduct performed when they were acting as judicial officers assigned to Plaintiff's criminal case.  Criminal cases are within the subject matter of their respective courts and they had jurisdiction when they made the decisions that Davis complains about..  Because Plaintiff has not demonstrated an exception to immunity, Judge Lockgraves and Judge Zeleski are absolutely immune from damages in this action and the claims against them are dismissed.

    2.  <u>Prosecutorial Immunity</u>

Prosecutors are also entitled to absolute immunity  from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).  A prosecutor must exercise his or her judgment when deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).  This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.*  Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003).  Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken in connection with carrying out the duties of a prosecutor. *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002).

In this case, Pierre Christopher and Jennifer Riedthenur were the prosecutors assigned to Plaintiff's criminal case.  Plaintiff does not include specific allegations concerning Christopher's conduct.  He alleges Riedthenur realized his speedy trial rights had been violated and offered him plea deals instead of dismissing the charges against him.  The only allegations against these

Defendants concern decisions they made and actions they performed as advocates for the state. Consequently, they also are entitled to absolute immunity.

### 3. Private Parties

Sears Department Store and Gaffney are not proper parties to an action under 42 U.S.C. § 1983.  To establish a prima facie case under § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the Defendant must be a government entity or a state or local government official or employee.  Sears and Gaffney are private parties, not government entities or employees.  A plaintiff cannot assert a claim under §1983 against a private party based on private conduct "no matter how discriminatory or wrongful" the party's conduct may have been.  *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003).

When a defendant is a private individual or corporate entity, such as Gaffney and Sears Department Store, the Sixth Circuit recognizes four tests for determining whether their conduct is fairly attributable to the state to hold them liable under § 1983.  First, there is the  public function test, which requires the Plaintiff to demonstrate "that the private entity exercise[d] powers which are traditionally exclusively reserved to the state." *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). Second, the state compulsion test requires Plaintiff to show the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id*.  The third test, the nexus test, requires proof of a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state. *Id*.  Finally, the entwinement test requires Plaintiff to show that the

private entity was "entwined with governmental policies" or the government was "entwined in [the private entity's] management or control." *See also Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001).

None of the tests are met in this case.  Sears telephoned police to report a possible crime and detained Plaintiff in one of their offices until the police arrived.  Those allegations do not describe a power traditionally reserved to the state, and Plaintiff has not alleged Sears was coerced by, had a close nexus to, or was otherwise entwined with the state.  There is no indication in the Complaint that Sears could be considered a "state actor" to sustain a claim under § 1983.

Moreover, private attorneys such as Gaffney are not considered to be "state actors" for purposes of § 1983 simply because they practice law in state courts.  *See Otworth v. Vanderploeg*, 2003 WL 1465399 at * 2 (6th Cir. March 19,  2003) (stating that "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under the color of state law within the meaning of § 1983").  Plaintiff's allegations against Gaffney center entirely on his conduct as Plaintiff's attorney.  This conduct would not qualify him as a "state actor" in a § 1983 action.

### B.  Malicious Prosecution

The Court now turns its attention to the claims Plaintiff asserts against the remaining Defendants, Officers Pool and Sumpter, and Court Clerk Rothgeary.  Plaintiff first asserts these Defendants engaged in malicious prosecution under the Fourth Amendment, "which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson,* 625 F.3d 294, 308-310 (6th Cir. 2010).  To state a claim for malicious prosecution

under the Fourth Amendment, a plaintiff must establish: (1) a criminal prosecution was initiated against him and that the Defendants "ma[d]e, influence [d], or participate[d] in the decision to prosecute;" (2) a lack of probable cause for the criminal prosecution; (3) "as a consequence of a legal proceeding," he suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceedings were resolved in his favor. *Id.*

Plaintiff's claim against Pool, Sumpter, and Rothgeary fails to satisfy all of these criteria. First, there is no indication that these Defendants made or participated in making the decision to prosecute Plaintiff.  The Officers responded to the call from Sears and took Plaintiff into custody. Plaintiff does not allege that they had any involvement in the decision to bring charges or seek an indictment.  With respect to Rothgeary, Plaintiff alleges he received a copy of a police report printed with Rothgeary's user name.  Plaintiff does not allege Rothgeary had any role in the decision to proceed with the prosecution.

Moreover, Plaintiff fails to establish the second element for a malicious prosecution claim because probable cause was established for Plaintiff's prosecution.  Judge Lockgraves found probable cause to exist at the preliminary hearing and the grand jury found probable cause and returned the indictment against Plaintiff.  Plaintiff has not alleged facts to suggest the finding of probable cause was problematic.  In fact, Plaintiff admits in this Complaint to possessing the "fictitious driver's licence."  Absent the suggestion that probable cause was lacking for Plaintiff's criminal prosecution, he fails to state a claim under the Fourth Amendment for malicious prosecution.

**C.  Deliberate Indifference to Medical Needs**

Plaintiff next asserts a claim under the Fourteenth Amendment for denial of proper medical care while at the Lorain County Jail.  The Eighth Amendment prohibition on cruel and unusual punishment protects convicted prisoners from the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Pretrial detainees are also protected from cruel and usual treatment at the hands of jail personnel; however, the Due Process Clause of the Fourteenth Amendment provides a cause of action rather than the Eighth Amendment.  *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).  Nevertheless, the Fourteenth Amendment claims of pretrial detainees are analyzed under the same rubric as Eighth Amendment claims brought by prisoners.  *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

Eighth Amendment claims have an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The objective component first demands a showing that the detainee faced a substantial risk of serious harm that violated contemporary standards of decency.  *Hudson v. McMillian*, 503 U.S. 1,8 (1992).  Routine discomforts of prison or jail life do not suffice.  *Id.* The subjective component requires the Plaintiff to show the Defendant personally knew of and disregarded the substantial risk of serious harm facing the detainee.  *Id.*  "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In this case, Plaintiff has not satisfied the subjective component of his claim.  None of the Defendants named in this Complaint appear to have been involved in the medical decisions made at the Lorain County Jail.  Plaintiff does not allege the Defendants participated in the decisions to deny medication or refused his request for an additional mattress.  Absent the allegation that

-10-

these remaining Defendants knew of Plaintiff's medical problems and personally made decisions that denied him medical care, they cannot be held liable for these actions under the Fourteenth Amendment.

### D.  General Assertions of Violation of Federal Rights

Finally, Plaintiff generally asserts that the Defendants violated his "clearly established state and federal rights."  He does not give any indication of the specific rights he believes they violated other than those already discussed under the Fourth and Fourteenth Amendments.  These general assertions of unidentified federal rights fail to state a claim which satisfies the minimal notice pleading requirements of Federal Civil Rule 8.

Although the standard of review is liberal for *pro se* pleadings, it requires more than bare assertions of legal conclusions.  *See Iqbal*, 556 U.S. at  678.  The Plaintiff must give the Defendants fair notice of what his claim is and the grounds upon which it rests.  *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  The Court cannot construct possible but potentially not asserted claims for any party, including a *pro se* plaintiff, and then proceed to test whether the asserted facts fit that claim or claims.  *Id.*  The Court's role is to adjudicate disputes, not assist in asserting them.  Plaintiff's generic citations to federal rights violations do not provide sufficient notice of the claims he is seeking to assert.  To the extent those claims are distinct from his claims for malicious prosecution and deliberate indifference to medical needs, he fails to state a claim upon which relief can be granted.

### IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: August 28, 2013                          s/          James S. Gwin
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[1]   28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-12-